UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CASE NO. 4:19-CV-68 |
| | § | |
| PREFERRED MATERIALS, INC., and | § | |
| SAMMY D. GWIN, | § | |
| Defendant. | § | |

**COMPLAINT and
DEMAND FOR JURY TRIAL**

COMES NOW, Union Pacific Railroad Company, and for its Complaint against Preferred Materials, Inc., and Sammy D. Gwin states and alleges as follows:

1. Union Pacific Railroad Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Omaha, Nebraska.

2. Defendant Preferred Materials is a corporation organized and existing under the laws of the State of Louisiana with its principal place of business located in Sibley, Louisiana.

3. Defendant Sammy D. Gwin individual residing in Mineola, Texas.

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) as there is complete diversity and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the incident at issue occurred in this District.

6. On November 29, 2017, Gwin was operating a Tractor-Trailer southbound on CR John Connelly in Culberson County, Texas. The Tractor-Trailer was comprised of a 2016 Peterbilt and 2018 Mack LTT owned by Preferred Materials.

1

7. At all times material, Gwin was acting in the course and scope of his employment with, or as an actual agent of, Preferred Materials.

8. Union Pacific owns and operates railroad tracks in this area. Specifically, the tracks run east/west and intersect CR John Connelly at Mile Post 721.8 of the Toyah Subdivision. This intersection is designated as DOT Crossing Number 920225U ("Crossing").

9. Cross bucks warn the traveling public of the Crossing, and a yield sign requires drivers to yield to railroad traffic prior to proceeding over the Crossing.

10. At approximately 11:50 a.m., Gwin approached the crossing. He disregarded a visible and unobstructed railroad crossing sign and failed to stop for an approaching, plainly visible train, causing a collision.

11. As a result of the collision, Union Pacific incurred train delays and sustained damage to its locomotives. Such damages total TWO HUNDRED SIX THOUSAND, FOUR HUNDRED FIFTY-SIX AND 73/100 DOLLARS ($206,456.73).

## COUNT ONE - NEGLIGENCE

12. Plaintiff realleges Paragraphs 1 through 11 of this Complaint as though set forth herein.

13. At all times material to this action, Defendants owed a duty to exercise reasonable care in operating the Tractor-Trailer as a reasonably prudent person under like or similar circumstances.

14. Defendants failed to operate the Tractor-Trailer as a reasonably prudent person under like or similar circumstances and were negligent in one or more of the following manners:

    a. Violating Texas Transportation Code § 545.251;

    b. Failing to yield the right-of-way;

      c.      Failing to maintain reasonable and proper control over the Tractor-Trailer;

      d.      Failing to maintain a proper lookout; and

15.     Defendants' negligence was a proximate cause of the collision.

16.     As a proximate cause of Defendants' negligence, Union Pacific sustained damages in the amount of TWO HUNDRED SIX THOUSAND, FOUR HUNDRED FIFTY-SIX AND 73/100 DOLLARS ($206,456.73).

## COUNT TWO – NEGLIGENCE PER SE

17.     Plaintiff realleges Paragraphs 1 through 16 of this Petition as though set forth herein.

18.     Texas Transportation Code § 545.251 is a legislatively imposed standard of conduct defining reasonable conduct of Defendants.

19.     Defendants violated the above-listed Statute.

20.     The harm suffered by Union Pacific is the kind of harm the above-listed Statute is intended to prevent.

21.     Defendants' violation of the above-listed Statute caused Union Pacific's damages totaling TWO HUNDRED SIX THOUSAND, FOUR HUNDRED FIFTY-SIX AND 73/100 DOLLARS ($206,456.73).

22.     WHEREFORE Union Pacific hereby prays for a judgment of this Court in its favor and against Defendants for its damages totaling TWO HUNDRED SIX THOUSAND, FOUR HUNDRED FIFTY-SIX AND 73/100 DOLLARS ($206,456.73), attorney fees, pre- and post-judgment interest as allowed by law, costs incurred in prosecuting this action, and such other reasonable sums as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

23. Plaintiff hereby demands a jury trial on all issues so triable.

Dated: November 21, 2019

                                        Respectfully submitted,

                                        RINCON LAW GROUP, P.C.
                                        1014 N. Mesa, Suite 200
                                        El Paso, Texas 79902
                                        (915) 532-6800 (Telephone)
                                        (915) 532-6808 (Facsimile)

                       By:    */s/ Ancel Escobar*
                                CARLOS RINCON
                                State Bar No. 16932700
                                CRincon@RinconLawGroup.com
                                ANCEL E. ESCOBAR
                                State Bar No. 24101171
                                AEscobar@RinconLawGroup.com

                                *Attorneys for Union Pacific Railroad Company*